

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PETER BARCLAY,  §  <br> Plaintiff,  § <br> § <br> vs.  § <br> § Civil Action No. 3:21-03750-MGL <br> § <br> CAPITAL CHRYSLER,  § <br> Defendant.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE LAW CLAIMS,
AND REMANDING THE CASE**

Plaintiff Peter Barclay (Barclay), proceeding pro se, filed this complaint in the Richland County Court of Common Pleas alleging Defendant Capital Chrysler (Chrysler) violated his rights related to a car loan. Chrysler subsequently removed the case to this Court pursuant to 28 U.S.C. § 1331, arguing federal question jurisdiction exists because Barclay included a "claim" for pain and suffering "[a]s per Federal procedural rule for the State of South Carolina." Compl. at 6. Barclay then filed a motion to amend his complaint to remove federal issues that the Magistrate Judge interpreted as a motion to voluntarily dismiss all federal claims. The Magistrate Judge granted this motion.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court decline to exercise supplemental jurisdiction over Barclay's state law claims and remand the case to the Richland County Court of

Common Pleas. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 15, 2022. To date, neither party has filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, because the Court declines to exercise supplemental jurisdiction over Barclay's state law claims, which are the only claims asserted in his complaint, this action is **REMANDED** to the Richland County Court of Common Pleas.

**IT IS SO ORDERED.**

Signed this 31st day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.